IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BRADLEY A. CAUDLE,** | |
| **Petitioner,** | |
| v. | Case No. 23-CV-00417-SPM |
| **ERIC WILLIAMS,** | |
| **Respondent.** | |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Petitioner Bradley Caudle is a federal inmate presently housed at Federal Correctional Institution Greenville ("FCI Greenville") in Illinois. He filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). The case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts. Rule 1(b) of the same provides this Court with the authority to apply these Rules to other habeas corpus cases. *See id.*

Caudle was charged with conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1); 846. *See United States v. Ethan K. Doud*, 19-cr-40034-JPG-2 (S.D. Ill. 2019) (Doc. 1). As part of a plea agreement, he pleaded guilty and was sentenced to 188 months on Count 1 of the indictment with five years of supervised release. *See id.*, (Docs. 1; 116). Caudle filed neither a direct appeal nor a

Motion to Vacate, Correct, or Set Aside Sentence under 28 U.S.C. § 2255.[1] (*See* Doc. 1, pp. 2, 8).

Caudle filed the instant Petition for Writ of Habeas Corpus on February 9, 2023. (Doc. 1). Petitioner Caudle argues that, under the so-called "saving clause" of 28 U.S.C. § 2255(e), because the § 2255 remedy in this case is "ineffective or inadequate" in accordance with *In re Davenport*, 147 F.3d 605 (7th Cir. 1998), he is entitled to bring a § 2241 petition. (*See* Doc. 1).

First of all, the U.S. Supreme Court held this term in *Jones v. Hendrix*, 599 U.S. 465 (2023) that § 2241 relief is not a means to avoid the second or successive petition limitation for § 2255 cases, abrogating *Davenport* among other cases. *See id.* at 477–80. However, the issue here is not that Caudle is attempting to file a § 2241 petition as a means to circumvent the procedural limitation on second or successive § 2255 petitions; rather, he never filed a § 2255 petition in the first place. (*See* Doc. 1, pp. 2, 8).

Section 2255(e) states that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, *shall not be entertained* if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him." *Id.* (emphasis added). Section 2255(f) imposes a one-year time limit § 2255 motions. This one-year time limit begins running either (1) on the date of final judgment; (2) the date on which the

---

[1] Curiously, Caudle applied to the Seventh Circuit for leave to file a successive collateral attack. *Caudle v. United States*, No. 22-3239 (7th Cir. Dec. 21, 2022), (*See* Doc. 1, p. 8). They dismissed his application "without prejudice to refiling if, in fact, he has a prior motion for collateral relief of which we are unaware." *Caudle*, No. 22-3239, (Doc. 1, p. 8).

"impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed," (3) the date on which the right asserted was "initially recognized by the Supreme Court," or (4) "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." *Id.*

Caudle does not raise any of these issues as a reason for his failure to file a § 2255 motion. This Court does not see any valid reason why Caudle failed to file a § 2255 motion within the appropriate time frame. His failure to do so does not make the previously available § 2255 remedy "ineffective or inadequate" such that he is entitled to relief via a § 2241 petition. Therefore, § 2255(e) bars this Court from entertaining a petition that does not meet the stated requirements.

Due to the above, Caudle's § 2241 Petition is **DISMISSED** for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

**DATED:   November 9, 2023**

*s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
